The opinion of the court was delivered by
Breaux, J.
The appellant, the Metropolitan Bank, a third person, alleging that it is the holder and owner of two promissory notes — one for one thousand nine hundred and fifty dollars, and the other for two thousand and sixty-two dollars and eighty-five cents— complains of a judgment rendered in favor of the plaintiff against the defendant, dissolving an act of sale for the non-payment of the price, and placing him in possession of the property, and urges that the effect of the judgment reduces the succession, its debtor, to insolvency. The appeal was taken by petition and citation, and plaintiff and defendant were made parties.
The appellant interposes an assignment of errors, covering a number of assignments.
The plaintiff moves to dismiss the appeal on the grounds:
That all the parties to the judgment appealed from have not been cited, or made parties.
That the appellant does not allege or show a direct pecuniary interest in an amount sufficient to give jurisdiction to this court.
The only parties to the judgment are the plaintiff and the defendant.
As between these two (the plaintiff and the defendant) the plaintiff was decreed to pay the amount of six hundred dollars to the electric light company.
The electric light company is not a party to the record in any respect whatever, and has never consented to this decree.
The record does not disclose that that company is a party to the suit, interested in maintaining the judgment appealed from.
*1218 The second ground, denying in effect, at least), appellant’s pecuniary interest, is more serious.
The claim has not been established in the court below.
Although the exception does not contain a denial direct of indebtedness, it js so worded that the indebtedness is an issue in so far, at least, as relates to jurisdiction.
The appellant is also confronted with the objection that there is no proof of record that'the estate of Marshall P. Phillips is insolvent.
The right of appeal is based on the amount of the notes alleged, and on the fact that the succession is insolvent.
Without proof of these allegations the appellaut has no interest enabling him to sustain his appeal.
The appellant, to have his grounds of assignment decided, must show that he has a pecuniary interest, and that he has been aggrieved by the judgment.
The case must be remanded to ascertain whether the Metropolitan Bank has an interest in the matter in dispute.
The two questions to be tried by the court below are: the amount of the indebtedness of the legal representative of the succession of Marshall P. Phillips to the Metropolitan Bank, and whether his succession is solvent or insolvent.
It is therefore ordered, adjudged and decreed that the case be remanded to try and decide the two issues, defendant’s indebtedness and the insolvency of the succession of Marshall P. Phillips.
The costs to await the final determination of the appeal.