(51 South. 589.)

No. 18,035.

STATE v. HOOD.

(Feb. 14, 1910.)

*(Syllabus by the Court.*

MOTION TO QUASH INDICTMENT.

This case is controlled and governed by that of State of Louisiana v. Sullivan (decided this day) 51 South. 588,[1] in which a motion to quash the indictment based on the same section (section 880 of the Revised Statutes) was sustained, and the prosecution dismissed.

Appeal from the Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

W. D. Hood was indicted for threatening a witness. From an order quashing the indictment, the State appeals. Affirmed.

Walter Guion, Atty. Gen., and W. H. McClendon, Dist. Atty. (R. G. Pleasant, of counsel), for the State. R. C. & S. Reid, for appellee.

NICHOLLS, J. The defendant was by indictment charged with having on the 20th of April, 1909, in the parish of Livingston, within the jurisdiction of the Twenty-Fifth judicial district court of the state of Louisiana for the parish of Livingston, willfully, un-

lawfully, and feloniously, by threats or intimidation, attempted to prevent D. H. Easley, a witness in a criminal case of State of Louisiana v. D. H. Hood, charged with carrying a concealed weapon on or about his person.

Defendant moved to quash the indictment on the grounds: (1) That the said indictment is ambiguous, and does not distinctly charge any of the offenses denounced in section 880 of the Revised Statutes of Louisiana, and the charge is in the indictment made in the alternative. (2) That the said indictment fails to set out that the offense charged was committed in the period of time from making the oath to the final trial, and set out the court. In view of the premises, mover prayed that the indictment in this cause be quashed, and he be discharged from further answering to the same. The motion was sustained, and the indictment quashed. The state of Louisiana has appealed.

The complaint made on the second branch of the motion to quash is that the indictment "fails to set out that the offense was committed in the period of time from making the oath to the final trial" and "does not set out the court." The last objection was urged in the Desforges Case, 47 La. Ann. 1202, 17 South. 814, and overruled; the court saying:

"If such allegations are to be deemed necessary we think the venire in the indictment answers the objection" (citing section 1062 of the Revised Statutes).

The indictment sets out that:

"The defendant by threats or intimidations attempted on the 20th of April, 1909, to prevent C. D. Easley, a witness in the case of State v. D. H. Hood, charged with carrying a concealed weapon on or about his person."

These recitals carried with them ex vi terminorum the fact of the existence on the 20th of April of a "case" of State v. D. H. Hood, in which D. H. Hood "stood" charged with carrying a concealed weapon, in which case Easley was a witness.

[1]Ante, p. 560.

This case is controlled and governed by that of State of Louisiana v. Sullivan (decided this day) 51 South. 588,[1] in which a motion to quash indictment based on the same section (section 880 of the Revised Statutes) was sustained, and the prosecution dismissed.

It is therefore ordered, adjudged, and decreed that the judgment herein appealed from be, and the same is, hereby affirmed.