MONROE, J.
The state prosecutes this appeal from a judgment quashing an indictment in which it is charged that defendant “did, by threats or intimidation, attempt to prevent Harney Chambers, a witness in a criminal case, from appearing or testifying as a witness in the case of State of Louisiana v. Louis Sullivan Charles Stevens, charged with larceny,” etc. The motion to quash, which was sustained, alleges (1) that the indictment is ambiguous, and does not distinctly charge any of the offenses denounced in section 880 of the Revised Statutes, the charge being made in the alternative; and (2) that the indictment fails to set out that the offense charged was committed in the period of time from the making of the oath to the final trial, and set out the count.
Section 8S0, Rev. St., under which the prosecution was instituted, reads:
“Whoever shall be convicted of bribery, or attempting to bribe, any witness, or, by force, or threat, or intimidation of any kind, or by persuasion, to prevent any witness in a criminal case, in any stage of the prosecution, from the making of the oath in order to obtain a warrant of arrest to the trial, inclusive, from appearing or testifying as a witness, shall be sentenced,” etc.
1. It will be seen that the statute denounces, disjunctively, several offenses, connected with the same transaction, including the offense of attempting by force to prevent any witness, etc.; “attempting by threat * * * to prevent,” etc.; “attempting * * * by intimidation * * * to prevent,” etc.; “attempting * * * by persuasion * * * to prevent,” etc.; and, although two or more, or all, of the offenses so denounced may be charged cumulatively in the same count, they must be charged conjunctively; otherwise, and if the offenses are charged disjunctively (as they are declared in the statute), no one can know upon which of them the defendant is really prosecuted. State v. Banton, 4 La. Ann. 31; State v. Markham, 15 La. Ann. 498; State v. Foster & Speed, 32 La. Ann. 34.
An indictment or information must not charge a party disjunctively or alternatively, in such manner as to leave it uncertain what is relied on as the accusation against him. Cyc. vol. 22, p. 296. It is true that, where the terms used in the alternative are synonymous, the indictment may be sustained, and it is also true that a threat may be regarded as a form of intimidation; but it is not the only form, and the defendant before the court had the right to know whether he was charged with the offense of preventing the witness, etc., by “threat,” or with the offense of preventing the witness, etc., by “intimidation” in some other form.
So far as we have investigated, the unvarying practice in this state in such cases has been either to charge but one of the offenses denounced (as in State v. Foster & Speed, supra), or to charge two or more conjunctively (as in State v. Banton; State v. Markham, supra; State v. Flint, 33 La. Ann. 1291; State v. Richards, 33 La. Ann. 1295).
2. The averment that the attempt in question was made to prevent a witness from testifying in the case of State v. Louis Sullivan Charles Stevens, “charged with larceny,” is an averment that such attempt was made in a stage of the prosecution of a criminal case, the language used conveying the idea that the defendant in such case was then charged with larceny; i. e., was so charged when the attempt was made. In *563 State v. Desforges, 47 La. Ann. 1216, 17 South. 811, referring to the statute now under consideration, it was said by the court:
“We think the ‘stages’ of the prosecution include the investigation of the grand jury which results in finding the bill.”
A fortiori, then, is the condition when a charge has been made, and is still pending when the offense is committed, a “stage” of the prosecution. Upon the ground first considered, however, we are of opinion that the judgment appealed from was correct.
Judgment affirmed.