HAWTHORNE, Justice.
 

 Relatrix was charged in the city court of Shreveport, Louisiana, with the crime of operating a motor vehicle in a careless and reckless manner on the streets of that city, the charge in the affidavit reading as follows :
 

 “Unlawfully did operate motor vehicle in a careless and reckless manner on the streets of the city of Shreveport, Louisiana in that he [she] did operate said vehicle while under the influence of intoxicating liquor or drugs.”
 

 A motion to quash filed by relatrix was overruled, and she was tried, convicted, and sentenced to pay a fine of $100 and to serve 30 days in jail. From this conviction and sentence she appealed to the First Judicial District Court for the Parish of Caddo, and that court, after trial, affirmed the conviction and sentence. She then applied to this court for writs, which were granted, and the case is now before us under our supervisory jurisdiction.
 

 The motion to quash, which was filed in the city court and overruled, was filed anew in the district court and again overruled. To each of these rulings the defense objected and reserved a formal bill of exception. In the motion to quash defendant alleged, among other things, that the affidavit filed against her charged the offenses alternatively and consequently did not inform her whether the prosecution intended to prove that she was intoxicated or whether it intended to prove that she was drugged, and hence she was unable to prepare her defense.
 

 Ordinance 207 of 1923 of the City of Shreveport, filed in evidence in the district court, is a general traffic ordinance regulating the movement of, motor-driven and horse-driven vehicles, street cars, other conveyances, etc. Section 35 thereof, ,as
 
 *270
 
 amended, defines reckless driving and reads as follows:
 

 “Section 35: Reckless Driving Defined. Be it further ordained * * * That reckless driving shall be held to mean the following offenses which are hereby prohibited.
 

 %
 
 sfc s{c ifc »
 

 Immediately following this provision are eight separate and distinct paragraphs naming the various offenses which constitute .reckless driving, these paragraphs being designated in the ordinance by the letters “a” through “h”, both inclusive, for example : “(c) Driving a vehicle to the left of a street car when said street car is headed in the same direction”; “(e) Driving a vehicle in violation of the Ordinance regulating right of way streets, and their intersections”; “(g) Driving a vehicle through an alley at an excessive rate of speed”.
 

 Defendant was tried and convicted under Section 35, Paragraph (a), of this ordinance, which reads as follows:
 

 “Section 35: Reckless Driving Defined. Be it further ordained * * * That reckless driving shall be held to mean the following offenses which are hereby prohibited.
 

 “(a) Driving a vehicle within the City of Shreveport while under the influence of intoxicating liquor or narcotic drugs.”
 

 Article 222 of the Code of Criminal Procedure provides that several distinct offenses disjunctively enumerated in the same law or in the same section of a criminal statute may be cumulated in the same count when it appears that they are connected with the same transaction and constitute but one act, but, in that event, they must be charged conjunctively.
 

 The section of the ordinance of the City of Shreveport under which relatrix was convicted enumerates and selts forth disjunctively two distinct offenses, and the affidavit in this case so charges. Under the provisions of the article of the Code of Criminal Procedure cited above, if these different offenses were connected with the same transaction and constituted but one act, they could be cumulated in the same count of an affidavit, but in that event they must be charged conjunctively and not disjunctively. This is true for the reason that a defendant in a criminal prosecution is entitled to know what accusation against him is relied upon by the prosecution, and, further, if the offenses are charged disjunctively or alternatively, the precise accusation against the defendant is left uncertain. Louisiana Constitution, Article I, Section 10; State v. Sullivan, 125 La. 560, 51 So. 588; State v. Hood, 125 La. 563, 51 So. 589; State v. Nejin, 140 La. 37, 72 So. 801; Marr’s Criminal Jurisprudence of Louisiana (2d Ed.), Volume 1, Section 329, page 490.
 

 For 'these reasons we are of the opinion that the motion to quash has merit, but we propose not. to quash the affidavit but
 
 *271
 
 rather to remand the case under the authority of Article 252 of the Code of Criminal Procedure. This article, which deals with defects in an indictment that are not fatal, provides that no indictment shall be quashed, set aside, or dismissed for “any uncertainty * * * therein”, and provides further that, if the court be of the opinion that any uncertainty exists therein, it may order the indictment to be amended to cure such defect. We shall therefore remand the case to the City Court of the City of Shreveport, Fourth Ward, Caddo Parish, for a new trial, with direction that before proceeding with such trial the lower court order the affidavit to be amended to charge the offense so that no uncertainty exists therein.
 

 In the district court relatrix filed a motion for a continuance and a motion in arrest of judgment, but, as these present matters which will probably not arise in- subsequent proceedings in this case, it would serve no useful purpose to discuss them here.
 

 For the reasons assigned, the writs issued herein are made peremptory, the conviction and sentence are set aside, the case is remanded to the City Court of the City of Shreveport, Fourth Ward, Caddo Parish, for a new trial, and the trial judge is directed, before proceeding with such new trial, to order the affidavit amended in accordance with the views herein expressed.
 

 O’NIELL, J., dissents, being of the opinion that the affidavit is valid.