305 So.2d 523 (1974)
STATE of Louisiana, Appellee,
v.
Rory MASON, Appellant.
No. 55124.
Supreme Court of Louisiana.
December 2, 1974.
*524 Robert A. Connell, Jackson, Leslie D. Ligon, Jr., Clinton, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Walter L. Smith, Jr., L. J. Hymel, Jr., Asst. Attys. Gen., J. J. McKenzie, Staff Atty., for appellee.
TATE, Justice.
The defendant was convicted of aggravated arson, La.R.S. 14:51, and sentenced to fifteen years at hard labor. Six bills of exceptions are relied upon on his appeal.
Bill No. 1:
The most serious issue is raised by Bill No. 1. This was taken to the denial of motion for a bill of particulars.
Especially since the defendant was charged by the short-form indictment, the state's initial refusal to answer 14 of the 15 requested particulars courted reversal. We ultimately determine that reversal is not here required, since the motion for the bill of particulars may be interpreted as disclosing that the defendant already knew the minimum detail the state was constitutionally required to furnish. We do not, however, by affirming this particular conviction mean to countenance the violation by the state of the spirit (and nearly the letter) of the constitutional requirement of pretrial disclosure of sufficient information about the offense charged as to enable a defendant to prepare an adequate defense.
The context of the issue in the present proceedings is the following:
The defendant, a 22-year-old inmate of the state penitentiary at Angola, was charged with aggravated arson. As defined by La.R.S. 14:51 (1964), aggravated arson is the "intentional damaging" of property "whereby it is foreseeable that human life might be endangered", when committed by either of the following two *525 methods: "[a] by any explosive substance or [b] setting fire to" the property.[1]
As authorized by Article 465 of the Louisiana Code of Criminal Procedure of 1966, the defendant was charged by a short-form indictment. In compliance with the requirements of that article, the indictment charges that the defendant Mason on April 16, 1972 "committed aggravated arson of a structure, to-wit: a guard shack on the grounds of the Louisiana State Penitentiary".
The defendant then moved for a bill of fifteen particulars concerning the crime. The state initially refused to furnish any of the particulars, except for the time of the crime (3:30 PM); but, fortunately for the state's argument for affirmance of this conviction, it was required by the trial court to furnish particulars in four additional instances.
Among the particulars the state refused to furnish, however, was that requested by interrogatory 15: "What was the alleged method or system used by the defendant to commit the alleged crime?" Since as previously noted, the crime may be committed by either of two methods ("by an explosive substance" or "by setting fire to"), the defendant was entitled to at least such information.
The short-form indictment has been attacked many times as inadequately meeting the constitutional requirement that an accused be informed of the nature and cause of the accusation against him, as required by La.Constitution, Art. I, Section 10 (1921). It has withstood such attack chiefly because of the requirement that, upon request of the defendant for a bill of particulars, the state must inform him of the essential facts constituting the offense with which charged, including more specific facts if the offense may be committed in a number of different ways.
See State v. Clark, 288 So.2d 612, 614-616 (La. 1974), where we extensively summarized the jurisprudence. See also: La. C.Cr.P. art. 484 and Official Revision Comment thereto; Comment, The Bill of Particulars in Criminal Trials, 12 La.L. Rev. 457 (1952); Comment, The Short Form IndictmentHistory, Development and Constitutionality, 6 La.L.Rev. 78 (1944); Note, Right to Bill of Particulars, 22 La.L.Rev. 676 (1962).
Thus, under this jurisprudence, the defendant might be entitled to reversal because of the failure of the state to furnish him, if it knew, formal notice of which of the two statutory methods of committing the crime was the basis of the charge against him.
Nevertheless, interrogatory 11 indicates that the defendant already knew as much of the basis of the charge as did the state, as corroborated by the state's response to this interrogatory and to interrogatory 13 (when ordered by the court to do so).
Interrogatory 11 requested of the state: "Please describe the type or exact substance believed used in the alleged commission of the crime". When required by the court, counsel for the state "answered in open court that the State is not certain as to what substance was used in the commission of this crime". Interrogatory 13 had asked if any weapons or substances used were in the possession of the state, and the court ordered "that if the State comes up with a substance that the defendants be allowed to analyze it in accordance with agreement with counsel for the State this date".
The evidence shows the following: The crime was committed when two inmates came to a guard shack, one with a can of some substance, and one lighting a fire, and threw it in. The substance smelled like gasoline or diesel, and the substance *526 exploded into fire, causing physical burninjuries to a correctional guard in the shack at the time.
The interrogatories indicate that the defendant knew that a substance had been used in committing the arson. The transcription of the proceedings by which the trial court required the state to furnish further particulars concerning the substance and to permit its chemical analysis further indicate that defense counsel was award of the method of commission of the offense. See Tr. 82-90. Actually, under the circumstances, the factual method by which the crime was committed partook of both the statutory methods (damaging by explosive substance or by setting fire to) of commission of the crime.
Under these circumstances, we do not find reversible error in the court not ordering the state to answer interrogatory 15, although the issue is close. Further, we are unable to find an abuse of discretion in the court's refusal to order other particulars furnished (which guard shack on the penitentiary premises was damaged?; how human life was endangered?; etc.); but we do think that the state's refusal to furnish such particulars is questionable, in the light of the requirement that the accused be furnished such information of what the state intends to prove that the accused may prepare an adequate defense. See State v. Clark, 288 So.2d 612 (La.1974).
The hypertechnicalities of the indictment jurisprudence of the past were based upon the historical circumstance that the indictment furnished the chief procedural pretrial notice of the nature and cause of the accusation. State v. Smith, 275 So.2d 733, 734-738 (concurring opinion) (La.1973). Correlative to this present-day relaxing of the hypertechnical requirements of the indictment and of its formal supplementation by bill of particulars (see also State v. James, La., 305 So.2d 514 (Docket No. 54,874), this day rendered), is an obligation on the part of the State, in the interest of assuring a fair trial, of assuring that the accused is furnished essential information concerning the charge, in order that he may adequately prepare what defense he has. Surprise and lawyer-tactics should play as little part in the outcome of criminal prosecutions as they do now in civil litigation.
Sufficiency of the Indictment:
Bill No. 7 was taken to the denial of a post-trial motion in arrest of judgment, which for the first time questioned the sufficiency of the short-form indictment for aggravated arson.
Short forms for charging both aggravated arson and simple arson were first provided by Article 465 of the 1966 Louisiana Code of Criminal Procedure. In providing these short-form indictments, the Official Revision comment notes that "The arson offenses, like rape and manslaughter, have well-understood meanings".
The short-forms for arson so provided, like the other short-form indictments which have been upheld, furnish adequate information of the specific crime with which charged so as to enable an accused to know what he is charged with and (as supplemented by pre-trial discovery available to him) to prepare his defense against it. See, e. g., State v. Russell, 292 So.2d 681 (La.1974), and decisions therein cited. Likewise, the offense is charged with sufficient specificity as to enable the accused to plead an acquittal or conviction in bar of further prosecution. Therefore, no functional purpose of an indictment is disserved by the present form. See State v. Russell, cited above.
Since we have held this short-form indictment sufficient under applicable jurisprudence, we need not do more than advert *527 to the ruling today in State v. James, La., 305 So.2d 514 (Docket No. 54,874) that, if first raised after the verdict, an attack against the sufficiency of an indictment will not be upheld, in the absence of substantial likelihood that the defendant has sustained actual prejudice, unless the indictment is so defective that it does not by any reasonable construction charge an offense for which the defendant has been convicted.
Other Bills:
The other bills concern trial rulings which present no serious issue of reversible error:
Bill No. 2: On cross-examination, the defense elicited from a state witness his fear for his person as the reason for his delay in identifying the defendant as the person who committed the crime. The present bill was taken to the state's question, on re-direct, as to the reasons for his fear. Under the circumstances, we find no error. See La.R.S. 15:281.
Bill No. 3: The trial court did not commit error by refusing to permit the defense to cross-examine a state witness as to whether he had had homosexual relations while he had been imprisoned at Angola. The trial court ruled that such evidence was irrelevant to the present trial, in the absence of its tending to prove bias, interest, or corruption of the witness insofar as the case before the court. La.R.S. 15:490, 492. Although it prevented a general inquiry as to specific homosexual activity not connected with the present case or its witnesses, the trial court also specifically pointed out to the defense counsel, in colloquy while the jury was retired, the questioning it would permit that might make the homosexuality relevant for such purpose. Tr. 189. (The defense preferred to rest upon its bill taken to the sustaining of the state's objection to the general inquiry rather than pursuing the issue.)
Bill No. 4: After the defense had rested, the state called its principal witness on rebuttal. The defense objected on the ground this would be improper rebuttal, being simply a restatement of the evidence offered in chief. The trial judge overruled the objection at that time, stating: "Well, I'm not going to prohibit the State from recalling a witness in rebuttal when I don't even know for sure what they're going to ask him or what he's supposed to have testified to. Now, you can object to each specific question and I'll direct the prosecutor to narrow the question and give you a chance to object to each question." Tr. 290.
The prosecutor then elicited five short answers, without objection. When the defendant objected to further questioning as being improper rebuttal and merely repetitive of the witness's first testimony, the state withdrew further questions and tendered the witness for further cross-examination.
Under these circumstances, no reversible error is shown.
As stated at 2 Marr's Criminal Jurisprudence of Louisiana 967 (1923): "Rebuttal evidence, in a general way, is that evidence which has become relevant or important only as an effect of some evidence introduced by the other side; and evidence to establish guilt must . . . be produced as part in the evidence in chief . . . . Under ordinary circumstances, in common fairness to the accused, the State should offer at once all the evidence that it has and not reserve its real or main attack until after defendant has closed; that is to say, the right to rebut must be limited to rebutting testimony * * *."
Whatever merit there would be to the defendant's objection had the state persisted in its rebuttal examination as merely reiterating evidence of its case in chief, the state desisted immediately after objection was raised to the line of questioning, on the grounds of its being improper rebuttal.
*528 The trial court further did not abuse its discretion by permitting the witness to take the stand on rebuttal, until the court could determine whether he was called for purposes of proper rebuttal.
Bill No. 6: A motion for new trial was taken, based upon (a) error committed during the trial and (b) in the interests of justice, because of the conflicting testimony of the witnesses and certain alleged hiatuses in the testimony. As to (a), we have found no error. As to (b), we find no abuse of the trial court's discretion in the matter, La.C.Cr.P. art. 851(5).
Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.
SUMMERS and MARCUS, JJ., concur.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
The crime charged may be accomplished by use of an "explosive substance" or by "setting fire". I believe that the defendant was entitled to have answered his bill of particulars interrogatory requesting that the State reveal the method or system alleged to have been used by the defendant to commit the crime. The majority's conclusion that another interrogatory indicates that the defendant had this knowledge is not justified by a reading of that interrogatory. The simple facts that the defendant asked in another interrogatory for a description of the "substance" used in the commission of the crime and that the State responded that it was not certain as to what substance was used does not establish the knowledge which the majority ascribes to defendant. Commission of the crime either by use of an "explosive substance" or by "setting fire" may require the use of a "substance". Full response to a bill of particulars should be forthcoming when the short form indictment is used.
For these reasons, I respectfully dissent.
NOTES
[1] La.R.S. 14:51 provides: "Aggravated arson is the intentional damaging by any explosive substance or the setting fire to any structure, watercraft, or moveable whereby it is foreseeable that human life might be endangered. * * *"