319 So.2d 339 (1975)
STATE of Louisiana
v.
John E. MILLER.
No. 56034.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied September 30, 1975.
*341 Sam J. D'Amico, Lewis O. Unglesby, D'Amico & Curet, Baton Rouge, for defendant-appellant.
William J., Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant was originally charged by a bill of information with violating La.R.S. 14:67 by committing "a series of thefts of lawful U.S. Currency in excess of $14,000.00, the property of the First Circuit Court of Appeal, State of Louisiana." The figure $14,000.00 was amended by the District Attorney to read $500.00. He was tried before a five-member jury which returned a verdict of guilty. The court suspended the imposition of sentence and placed defendant on active, supervised probation for a period of two years, conditioned upon his making restitution to the proper state agency. See La.C.Cr.P. Art. 893. In his appeal, defendant submits eleven assignments of error which he alleges warrant reversal of his conviction since we find merit in the first assignment of error, we do not find it necessary to consider the remaining assignments.
Defendant alleges that the trial court erred in refusing to require the state to answer the bill of particulars he had filed. The bill of information, as amended, charged that defendant ". . . between the First (1st) day of July, 1965, and the Eleventh (11th) day of September in the year of our Lord One Thousand Nine Hundred and Seventy (1970) . . . did violate R.S. 14:67 in that he committed a series of thefts of lawful U.S. Currency in excess of $500.00, the property of the First Circuit Court of Appeals [sic"], State of Louisiana. . . ." Defendant filed, motion to quash the information on the ground that the charge was vague and indefinite. The trial judge denied the motion. Defendant then filed a motion for a bill of particulars seeking answers to the following four questions:
1) State whether or not the act alleged in the bill of information was a misappropriation or taking.
2) State the number of alleged acts of misappropriation allegedly performed by the defendant.
3) State the place of each alleged act of misappropriation.
4) Does the sum alleged in the bill of information constitute an aggregate of all of the alleged acts of misappropriations?
The state at first refused to answer question one but, after argument, did state that the charge was for a misappropriation. The state refused to answer questions two and three on the ground that to do so would be to provide defendant with the state's evidence. The state answered question four by saying that the sum was an aggregation. The defendant again asked that questions two and three be answered. The trial court refused to require the state to furnish these answers. The defendant argues before this Court that the "refusal to answer basic questions in the bill of particulars made it impossible for the accused to determine what he allegedly did and how to combat the accusation."
*342 Article I Section 10 of the Louisiana Constitution of 1921 requires that "[i]n all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him."[1] When a defendant has been charged by an information or indictment which follows the short form,[2] he has a right, after proper motion, to a bill of particulars. State v. Clark, 288 So.2d 612 (La.1974) and authorities cited therein. One reason the short form indictment and information have withstood constitutional attack is that the defendant has this right to require that the state furnish him with more specific facts when these are necessary to inform him of the scope of the charge. State v. Mason, 305 So.2d 523 (La.1974); State v. Mann, 250 La. 1086, 202 So.2d 259 (1967). Details relating to the particulars of the offense must be provided in the bill of particulars so that defendant can discover, well in advance of the trial, the specific facts of the accusation he must meet. He is entitled to "further information, in a proper case, regarding what the State intends to prove, in order that, in fairness, the accused may more properly defend himself." State v. Wright, 254 La. 521, 225 So.2d 201, 203 (1969). If he knows the details of the charge against him, he will avoid being surprised at the trial. State v. Mason, supra; State v. Wright, supra. He will, moreover, have the basis for a plea of former jeopardy in any subsequent prosecutions. And the court will have a guide to regulate the admission of evidence at the trial. State v. Clark, supra; State v. Thomas, 260 La. 784, 257 So.2d 406 (1972).
The issue in this case is whether defendant Miller was sufficiently apprised of the nature and cause of the accusation against him by the details provided him in the bill of information and the responses of the state to the bill of particulars, so that he could prepare his defense.[3] When this information was taken together, Miller stood accused of committing a series of misappropriations of money from his employer over a five-year period in East Baton Rouge Parish, misappropriations which aggregated to more than $500.00. With no more information than that of the charge against him, he was forced to go to trial.[4] Because this defendant has pled not guilty we are required to presume that he is innocent of the charges against him. We may not assume that he knows anything about the crime of which he stands accused. Clearly, the information which this defendant was afforded was unconstitutionally general in that it did not sufficiently apprise him of the nature and scope of the charge so that he could prepare his defense. It did not furnish him with the minimal information as to dates, amounts, locations, and number of the alleged thefts, the amounts and locations having been sought by the motion for the bill of particulars.
The state is required, upon defendant's motion, to provide a criminal defendant *343 with enough information so that he can identify the criminal transaction. State v. Clark, supra. There is no exact formula which can be applied to every charge to determine in a particular case whether a defendant has all of the information to which he is constitutionally entitled. In general, however, the extent to which the bill should be granted turns on the complexity of the case. If the crime is a single event, such as a murder, the scope of the bill will be less extensive than it will be if the crime involved is a series of occurrences, such as tax fraud or bootlegging. See 12 La.L.Rev. 457 (1952). When a crime charged may be committed in a number of different ways, this Court has always recognized the accentuated need for the state to furnish particulars. State v. Mann, supra, and authorities cited therein. Likewise, when the crime involves not a single occurrence but a series of occurrences, the state must supply enough information so that the accused can identify each criminal transaction. In this particular case, the defendant was an employee of the First Circuit Court of Appeal. His job required that he present vouchers for reimbursement for expenses. At the trial, the state introduced evidence tending to prove that he had over a five year period, presented both justified expenses and unjustified expenses. Given the nature of this case, the state was constitutionally required to respond to a bill which elicited the dates and locations of the alleged thefts, and the number and amounts of those thefts. The trial court erred when it did not require the state to furnish the number and places of the alleged thefts. Without that information, defendant was obviously hampered in the preparation of his defense.
The proper function of the bill of particulars is not discovery. 74 Harv. L.Rev. 940 (1961). In providing information in response to a bill of particulars, however, the state may be forced to release facts which reveal what its evidence will prove at trial. This Court has never held that the state is free from answering a bill because doing so would reveal particular facts which the state intends to establish through evidence. We now hold that, to the extent that information is properly elicited to give defendant notice of the nature and cause of the charge against him, the state is required to respond to a bill of particulars even though the answers will disclose particular facts which the state intends to establish through evidence.
This holding does not mandate wholesale discovery of the state's case. Defendant is not entitled to the names of witnesses, State v. Devore, 309 So.2d 325 (La.1975); the transcript of a grand jury proceeding, State v. Devore, supra; details of the arrest of the defendant, State v. Peters, 302 So.2d 888 (La.1974); the income tax returns of alleged accomplices, State v. Mitchell, 258 La. 427, 246 So.2d 814 (1971), cert denied, 404 U.S. 1000, 92 S. Ct. 561, 30 L.Ed.2d 553 (1971); or other charges the state plans to file against the defendant, State v. Peters, supra. In other words, he may not compel disclosure of all facets of the state's case. On the other hand, details which the accused needs to gain notice of the crime, he has a constitutional right to require of the state.
For the reasons assigned, the conviction and sentence of the defendant are annulled and set aside and the case is remanded for a new trial in accordance with law and consistent with the views expressed herein.
SANDERS, C.J., and SUMMERS and MARCUS, JJ., dissent.
NOTES
[1] The Sixth Amendment to the United States Constitution likewise requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." The Louisiana Constitution of 1974 Art. I, Section 13 includes the identical requirement: "In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him."
[2] Although the wording of the indictment does not precisely conform to the short form indictment set out in Article 465 of the Code of Criminal Procedure, it does contain all of the elements of the short form.
[3] In determining whether defendant was sufficiently apprised of the criminal transaction, the trial court must also consider the details which his bill indicates he already knows. State v. Mason, supra.
[4] After all of the state's evidence had been presented, the state attempted to amend the indictment to read that defendant "committed a series of thefts of lawful U.S. Currency Totalling in excess of $500.00" but then withdrew its own motion.