802 So.2d 685 (2001)
STATE of Louisiana
v.
Shawn HIGGINS.
No. 01-K-117.
Court of Appeal of Louisiana, Fifth Circuit.
March 28, 2001.
Linda Davis-Short, Indigent Defender Board, Gretna, LA, Attorney for Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Rebecca J. Becker, Richard R. Pickens, II, Assistant District Attorneys, Gretna, LA, Attorney for Appellee.
Panel composed of SUSAN M. CHEHARDY, CLARENCE E. McMANUS, JJ., and PHILIP C. CIACCIO, J. Pro Tem.
PHILIP C. CIACCIO, Judge Pro Tem.
Defendant/Relator seeks review of the trial judge's denial of his request for a pretrial hearing to determine the admissibility of victim impact evidence in a death penalty case for which defendant is charged with first degree murder. Defendant also sought to limit the number of victim impact witnesses. The trial judge denied the requests and reserved defendant's objections for the penalty phase, at which time a ruling could be made.
To show its compliance with the requirements of Bernard,[1] the state listed ten relatives of the victim, and presented general, conclusory statements regarding their testimony. We conclude the absence of particular statements prevents the trial judge from making the pretrial determination of admissibility as contemplated by Bernard. We are mindful, however, of the Louisiana Supreme Court's disapproval of an evidentiary hearing at which victim impact witnesses are called to testify. State v. Miller, 99-0192 (La.9/6/00), 776 So.2d 396, cert. denied, 531 U.S. 1194, 121 S.Ct. 1196, 149 L.Ed.2d 111 (2001). Thus, the trial judge correctly refused to conduct such an evidentiary hearing and the writ application is denied insofar as the trial court's ruling in that regard. However, the writ application is granted insofar as the trial judge denied any pretrial determination of the admissibility of victim impact evidence.
IT IS ORDERED that the trial judge's ruling denying defendant's request for a pretrial determination of the admissibility of victim impact evidence be and is hereby vacated and set aside.
IT IS FURTHER ORDERED that the case be remanded with instructions to the trial judge, to order, pretrial, the state to submit to defendant written, signed statements by the witnesses as to the testimony to be offered, and to allow defendant a *686 reasonable period of time, pretrial, to make objections, if deemed necessary, to the statements, including any objection to the number of witnesses.
WRIT DENIED IN PART AND GRANTED IN PART; WRIT GRANTED INSOFAR AS VACATING AND SETTING ASIDE RULING DENYING MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF VICTIM IMPACT EVIDENCE; CASE REMANDED WITH INSTRUCTIONS.
NOTES
[1] State v. Bernard, 608 So.2d 966 (La.1992).