1BILLY HOWARD EZELL, Judge.
Defendant, Thomas L. Gardner, is charged with first degree murder, a violation of La.R.S. 14:30. On August 5, 2002, Defendant filed a motion for an adequate bill of particulars or to quash the indictment. Defendant also filed a separate demand for “Bernard notice,” seeking information regarding victim impact evidence the State might use.
According to the Defendant, the court conducted a hearing on September 6, 2002, at which the State agreed to respond to both motions. On October 18, the State filed its responses. Then, on November 7, Defendant requested that the State respond in greater detail. At a hearing held on November 14, the trial court ruled the State’s responses were adequate.
Defendant filed a writ with this court, seeking relief from the lower court’s ruling. This court granted a stay on January 17, 2003, and called the case to the docket.
ASSIGNMENT OF ERROR NO. 1
In his first assignment, Defendant argues the trial court erred by refusing to *1099 order the State to clarify its bill of particulars. Specifically, Defendant alleges the predicate offenses listed in the bill of particulars are factually inconsistent and are listed disjunctively.
The indictment against Defendant reads as follows:
In the Twenty-Eighth Judicial District Court on the 12th day of December, 2001, the Grand Jury for the Parish of LaSalle, charges that Thomas L. Gardner has committed the offense of FIRST DEGREE MURDER in that between the dates of October 11 and October 18, 2001, while in LaSalle Parish, Louisiana, Thomas L. Gardner committed first degree murder of Karen Sue Roller, thereby violating LRS 14:30A(1);
| a At issue is the State’s “Answer to Motion for More Specific Bill of Particulars” that stated, in pertinent part:
NOW INTO COURT, through the undersigned District Attorney, comes the State of Louisiana, who does answer the request of the defendant for a more specific Bill of Particulars in the following manner, to-wit:
a.The acts enumerated in La.R.S. 14:80 A(l) consist of armed robbery and/or simple robbery.
More specifically, the State shows that the defendant is alleged to have, by the use of force or while armed with a dangerous weapon, to-wit: a knife, took [sic] several firearms belonging to the victim, Karen Sue Roller by the use of force while armed with a dangerous weapon.
Also the State will show that the defendant is alleged to have taken the weapons from the victim Karen Sue Roller by the use of force without being armed with a dangerous weapon thereby committing the offense of simple robbery.
b. The defendant is not alleged to have violated any of the provisions of La.R.S. 14:42.
c. The defendant is not alleged to have violated any of the provisions of La.R.S. 14:42.1,
d. As of this time, the State alleges that the defendant has violated Title 14 Section 60 and that after entering the residence of Karen Sue Roller, he armed himself with a dangerous weapon and committed a battery upon the person of Karen Sue Roller while he was in her residence.
e. See the answer to Paragraph a hereinabove.
a. More specifically, the defendant is accused of taking firearms.
b. From Karen Sue Roller.
c. Yes, the defendant is accused of using force and intimidation.
d. Yes.
|3The particulars just listed were provided in response to the following questions in Defendant’s motion:
A. Which of the acts enumerated in La.R.S. 14:30 A(l) is the accused alleged to have committed?
B. If the accused is alleged to have violated La.R.S. 14:42, which of the seven acts enumerated in La. R.S. 14:42 is the accused alleged to have committed?
C. If the accused is alleged to have violated La.R.S. 14:42.1, which of the two acts enumerated in La.R.S. 14:42.1 is the accused alleged to have committed?
D. If the accused is alleged to have violated La.R.S. 14:60, which of the three acts enumerated in La.R.S. 14:60 is the accused alleged to have committed?
*1100 E. If the accused is alleged to have violated La.R.S. 14:64:
a) What is he accused of taking?
b) From whom is he accused of taking such thing(s)?
c) Is he accused of using force or is he accused of using intimidation?
d) Is he accused of taking the thing from a person or from a person’s immediate control?
Previously noted earlier in this opinion, on November 14, 2002, the lower court ruled the State’s answer provided sufficient particulars. Defendant now argues the State’s language is unclear regarding whether the State is alleging he committed one, two, or all three of the predicate offenses, ie., armed robbery, simple robbery, or aggravated burglary.
The court finds that a plain reading of the answer reveals the State is alleging that an aggravated burglary occurred. The answer does not contain disjunctive language that would suggest otherwise.
However, as Defendant argues, it is not clear whether the State alleges he committed simple robbery, armed robbery, or both. Defendant observes the State used a short-form indictment, and quotes relevant language from State v. Mann, 250 La. 1086, 1094-95, 202 So.2d 259, 262 (1967)(emphasis added):
Lit is now well settled that when the state elects to use the short form indictment or information permitted by LRS 15:285, the accused is entitled to a bill of particulars setting out more specifically and in detail the offense charged. And this is particularly true when the alleged crime may be committed in a number of different ways. State v. Bessar et al., 213 La. 299, 34 So.2d 785 [(1948)], State v. Masino et al., 214 La. 744, 38 So.2d 622 [(1949)], State v. Holmes, 223 La. 397, 65 So.2d 890
[(1953)], State v. Picou, 236 La. 421, 107 So.2d 691 [(1958)], State v. Barnes, 242 La. 102, 134 So.2d 890 [(1961)], and State v. Howard, 243 La. 971, 149 So.2d 409 [(1963)]. Indeed, we have said on numerous occasions that the provisions of that section (LRS 15:235) which require the state to furnish further information by way of a bill of particulars, when so requested by the accused, renders the use of the short form amenable to constitutionally protected guaranties and safeguards. State v. Pete, 206 La. 1078, 20 So.2d 368 [(1945)]; State v. Chanet, 209 La. 410, 24 So.2d 670 [(1946)]; State v. Nichols, 216 La. 622, 44 So.2d 318 [(1950)]; State v. Holmes, supra, and State v. Barnes, supra.
Defendant also cites State v. Mason, 305 So.2d 523, 524-25 (La.1974), an aggravated arson case (emphasis added)(footnote omitted):
As defined by La.R.S. 14:51 (1964), aggravated arson is the “intentional damaging” of property “whereby it is foreseeable that human life might be endangered”, when committed by either of the following two methods: “[a] by any explosive substance or [b] setting fire to” the property.
[[Image here]]
Among the particulars the state refused to furnish, however, was that requested by interrogatory 15: “What was the alleged method or system used by the defendant to commit the alleged crime?” Since as previously noted, the crime may be committed by either of two methods (“by an explosive substance” or “by setting fire to”), the defendant was entitled to at least such information.
The short-form indictment has been attacked many times as inadequately meeting the constitutional requirement that an accused be informed of the na *1101 ture and cause of the accusation against him, as required by La.Constitution, Art. I, Section 10 (1921). It has withstood such attack chiefly because of the requirement that, upon request of the defendant for a bill of particulars, the state must inform him of the essential facts constituting the offense with which charged, including more specific facts if the offense may be committed in a number of different ways.
[[Image here]]
RThus, under this jurisprudence, the defendant might be entitled to reversal because of the failure of the state to furnish him, if it knew, formal notice of which of the two statutory methods of committing the crime was the basis of the charge against him.
However, the Mason court went on to explain:
Nevertheless, interrogatory 11 indicates that the defendant already knew as much of the basis of the charge as did the state, as corroborated by the state’s response to this interrogatory and to interrogatory 13 (when ordered by the court to do so).
Interrogatory 11 requested of the state: “Please describe the type or exact substance believed used in the alleged commission of the crime.” When required by the court, counsel for the state “answered in open court that the State is not certain as to what substance was used in the commission of this crime.” Interrogatory 13 had asked if any weapons or substances used were in the possession of the state, and the court ordered “that if the State comes up with a substance that the defendants be allowed to analyze it in accordance with agreement with counsel for the State this date.”
The evidence shows the following: The crime was committed when two inmates came to a guard shack, one with a can of some substance, and one lighting a fire, and threw it in. The substance smelled like gasoline or diesel, and the substance exploded into fire, causing physical burn injuries to a correctional guard in the shack at the time.
The interrogatories indicate that the defendant knew that a substance had been used in committing the arson. The transcription of the proceedings by which the trial court required the state to furnish further particulars concerning the substance and to permit its chemical analysis further indicate that defense counsel was aware of the method of commission of the offense. See Tr. 82-90. Actually, under the circumstances, the factual method by which the crime was committed partook of both the statutory methods (damaging by explosive substance or by setting fire to) of commission of the crime.
Under these circumstances, we do not find reversible error in the court not ordering the state to answer interrogatory 15, although the issue is close. Further, we are unable to find an abuse of discretion in the court’s refusal to order other particulars furnished (which guard shack on the penitentiary premises was damaged?; how human life was endangered?; etc.); but we do think that the state’s refusal to furnish such particulars is questionable, in the light of the requirement that the accused be furnished such information of what the state intends to prove that the accused may prepare an adequate defense. See State v. Clark, 288 So.2d 612 (La.1974).
Id. at 525-26.
In more recent jurisprudence, this court explained:
A defendant is entitled to know the alleged method of the commission of an offense when several means of commis *1102 sion of an offense are specified by the statute. State v. Huizar, 414 So.2d 741 (La.1982). However, a motion for a bill of particulars is not a method for a defendant to obtain the state’s evidence. La.Code Crim.P. art. 484; State v. Gray, 351 So.2d 448 (La.1977). It is a tool for a defendant to become informed about the nature and cause of the charge against him. La.Code Crim.P. art. 484; State v. Huizar, 332 So.2d 449 (La.1976). The bill of particulars may not be used to discover the details of the evidence, that is, to know “exactly how,” the state intends to prove its ease. State v. Walker, 344 So.2d 990 (La.1977). There is no formula regarding the information the State must make available. The extent to which particulars are granted depends on the nature and complexity of the case. State v. Miller, 319 So.2d 339 (La.1975). Reversible error occurs when there is a failure to provide a defendant information “of the nature and cause of the accusation against [him].” State v. Atkins, 360 So.2d 1341, 1344 (La.1978), cert. denied, 441 U.S. 927, 99 S.Ct. 2041, 60 L.Ed.2d 402 (1979).
State v. Winston, 97-1183, p. 10 (La.App. 3 Cir. 12/9/98), 723 So.2d 506, 511, writ denied, 99-205 (La.5/28/99), 743 So.2d 659 (emphasis added)(alteration in original).
More recently, one of our sister circuits provided more detailed guidance, discussing a scenario roughly analogous to the present one:
In counseled assignment of error number one, defendant argues the trial court erred in refusing to quash the bill of information based on the state’s failure to designate the felony it alleged defendant intended to commit.
As previously noted, simple burglary is an unauthorized entry into any structure with the intent to commit a felony or a theft therein. See La. R.S. 14:62. In the instant case, the state used the short form indictment delineated by La. C.Cr.P. art. 465A(14), which did not specify defendant’s intended felony. Defendant filed a pro se motion to quash the bill of information due to this omission. The defense also filed a bill of particulars requesting that the state designate the specific felony it maintained defendant intended to commit at the time of his alleged unauthorized entry. In answer, the state indicated the intended felony was the commission or attempted commission of one or more of the following offenses: aggravated rape, forcible rape, simple rape, sexual battery, aggravated sexual battery, oral sexual battery, aggravated oral sexual battery, indecent behavior with juveniles, pornography involving juveniles, molestation of a juvenile, crime against nature, ^aggravated crime against nature, contributing to the delinquency of juveniles, and/or obscenity.
At a subsequent motion hearing, defendant argued the state’s answer was inadequate because he planned to assert an involuntary intoxication defense, which is applicable only to specific intent crimes. See La.R.S. 14:15(2). The list of crimes provided in the state’s response included both general intent and specific intent crimes. However, the state responded that it would be required to prove specific intent regardless of the underlying felony because one of the elements of simple burglary was the intent to commit a felony or theft. Thus, it was required to show that the unauthorized entry was made with that specific intent. The trial court ruled that the state’s answer to defendant’s bill of particulars was adequate.
Article I, § 13 of the Louisiana Constitution provides that in a criminal *1103 prosecution, an accused shall be informed of the nature and cause of the accusation against him. This requirement is intended to protect the accused’s right to prepare a defense and exercise fully his right of confrontation. The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. See State v. Johnson, 93-0394 (La.6/3/94), 637 So.2d 1033, 1034-35. Properly used, a bill of particulars should inform the accused with particularity of all the essential facts relied upon to prove the crime charged and remove any doubt as to the crime charged. Hence, the accused will know the scope of his criminal activity so as to properly defend himself and eliminate any possibility of ever being charged again with the same criminal conduct. State v. Authement, 532 So.2d 869, 873 (La.App. 1st Cir.1988).
In the instant case, the state’s answer clearly informed defendant that the underlying felony alleged by the state was one of several sexual offenses. The bill of information, together with the state’s answers to the bill of particulars, was sufficient to inform defendant of the nature and cause of the accusation against him in enough detail to allow him to prepare for trial, to allow the trial court to determine the admissibility of evidence, and to eliminate any possibility of defendant ever being charged again for the same criminal conduct.
In arguing the bill of information should have been quashed, defendant relies on State v. Franks, 230 La. 465, 89 So.2d 39 (1956). In Franks, the Louisiana Supreme Court held that the bill of information charging the defendant with aggravated burglary was fatally defective because it failed to apprise him of the felony, which he intended to commit. 230 La. at 471, 89 So.2d at 41. However, Franks is clearly distinguishable in that the state failed in that case to ever designate the underlying felony; whereas, in the present case, the state indicated the | ¿underlying felony was one of several sexual offenses, thereby informing defendant of the nature of the charge against him.
State v. Schleve, 99-3019, pp. 11-13 (La.App. 1 Cir. 12/20/00), 775 So.2d 1187, 1196-97, writs denied, 01-210, 01-113 (La.12/14/01), 803 So.2d 983, 804 So.2d 647, cert. denied, — U.S. —, 123 S.Ct. 211, 154 L.Ed.2d 88 (2002) (emphasis added).
The court finds that, following Schleve, the state’s answer should be considered adequate. In Schleve, the state supplied a rather vague list of particulars, as each predicate offense it listed had its own unique set of elements. Nonetheless, the fact that all of them were sex offenses satisfied the first circuit. In this light, the court finds the Defendant in this case is in a better position than the defendant in Schleve. The court recognizes that the Defendant faces some ambiguity regarding whether the State is charging that he used a weapon in the course of the underlying robbery. However, Defendant does not have as extensive a list of potential charges, with differing elements, before him as Schleve did. The apparent core of the State’s case is the theory that Defendant made an unauthorized entry, then beat- and robbed the victim, killing her. Schleve may not be on all fours, because the defendant chose to focus on specific intent. However, the court finds that Schleve remains analogous to the present case. As a practical matter, Schleve faced some ambiguity regarding the underlying offenses, as does Defendant in the case at hand.
*1104 Defendant cites City of Shreveport v. Bryson, 212 La. 534, 33 So.2d 60 (1947). Bryson involved a charge of driving while intoxicated. In discussing the bill of particulars, the court stated:
The section of the ordinance of the City of Shreveport under which relatrix was convicted enumerates and sets forth disjunctively two distinct offenses, and the affidavit in this case so charges. Under the provisions of the article of the Code of Criminal Procedure cited above, if these different offenses were connected with the same transaction and constituted but one act, they could be cumulated in the same count of an affidavit, but in that event they must be charged conjunctively and not | adisjunctively. This is true for the reason that a defendant in a criminal prosecution is entitled to know what accusation against him is relied upon by the prosecution, and, further, if the offenses are charged disjunctively or alternatively, the precise accusation against the defendant is left uncertain. Louisiana Constitution, Article I, Section 10; State v. Sullivan, 125 La. 560, 51 So. 588 [(1910)]; State v. Hood, 125 La. 563, 51 So. 589 [(1910)]; State v. Nejin, 140 La. 37, 72 So. 801 [(1916)]; Marr’s Criminal Jurisprudence of Louisiana (2d Ed.), Volume 1, Section 329, page 490.
For these reasons we are of the opinion that the motion to quash has merit, but we propose not to quash the affidavit but rather to remand the case under the authority of Article 252 of the Code of Criminal Procedure. This article, which deals with defects in an indictment that are not fatal, provides that no indictment shall be quashed, set aside, or dismissed for “any uncertainty ... therein”, and provides further that, if the court be of the opinion that any uncertainty exists therein, it may order the indictment to be amended to cure such defect. We shall therefore remand the case to the City Court of the City of Shreveport, Fourth Ward, Caddo Parish, for a new trial, with direction that before proceeding with such trial the lower court order the affidavit to be amended to charge the offense so that no uncertainty exists therein.
Bryson, 212 La. at 538-39, 33 So.2d at 61-62.
Bryson is a rather old case, and the underlying law has changed since 1947. In deciding the particulars were sufficient in the case before it, the Mason court explained in 1974:
The hypertechnicalities of the indictment jurisprudence of the past were based upon the historical circumstance that the indictment furnished the chief procedural pretrial notice of the nature and cause of the accusation. State v. Smith, 275 So.2d 733, 734-738 (concurring opinion) (La.1973). Correlative to this present-day relaxing of the hyper-technical requirements of the indictment and of its formal supplementation by bill of particulars (see also State v. James, La., 305 So.2d 514 [(1974)] (Docket No. 54,874), this day rendered), is an obligation on the part of the State, in the interest of assuring a fair trial, of assuring that the accused is furnished essential information concerning the charge, in order that he may adequately prepare what defense he has. Surprise and lawyer-tactics should play as little part in the outcome of criminal prosecutions as they do now in civil litigation.
Mason, 305 So.2d at 526 (emphasis added).
Schleve reflects a more modern view than Bryson of the law regarding bills of particulars. Bryson was the product of an earlier era of jurisprudence. The more |inrecent case, Schleve, held it was sufficient for the defendant to know he was *1105 charged with simple burglary, under circumstances in which he made an unauthorized entry into a structure with the intent to commit some, unspecified, sex offense. In the case sub judice, Defendant has been informed that he is charged with a homicide that occurred pursuant to a burglary and robbery.
In light of Schleve, the court finds the particulars in the present case are sufficient. For the reasons discussed, this assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
In his second assignment, Defendant argues the trial court erred by not requiring the State to give adequate notice of victim-impact evidence. According to Defendant, he filed a demand for Bernard Notice on August 5, 2002. On October 18, the State filed a response that stated, in pertinent part:
NOW INTO COURT, through undersigned counsel, comes the State of Louisiana who does respond to the Demand for the State of Louisiana v. Bernard notice in the following manner.
The State of Louisiana does notify the defendant of its intent to use victim impact testimony at a penalty phase hearing of this trial should the same become necessary.
The testimony as of . this time will consist of the following:
1. Mr. John Roller who was the husband of the victim.
2. Ms. Karen Sue Engles, the daughter of the victim.
As of this time, the State is attempting to discover whether or not any evidence exists of the nature that the defendant has requested being “the unsavory characteristics” of the victim. Should such evidence become known to the State, the same will be disclosed in a timely manner to the defendant.
In further response to the motion, the State shows that it will respond in complying with all relevant discoverable material to the defendant concerning the Bernard request.
| n Defendant states he filed a written objection on November 7, 2002. He requested that the State be ordered to provide more information regarding the substance of the witnesses’ testimony. As mentioned in the procedural history of this case, the trial court ruled the State’s answer was adequate on November 14, 2002.
Defendant cites State v. Bernard, 608 So.2d 966 (La.1992) for the principle that the State must give adequate pre-trial notice of victim-impact evidence. The Bernard court explained:
In order to provide general guidance to trial courts in capital sentencing hearings, we reiterate that some evidence of the murder victim’s character and of the impact of the murder on the victim’s survivors is admissible as relevant to the circumstances of the offense or to the character and propensities of the offender. To the extent that such evidence reasonably shows that the murderer knew or should have known that the victim, like himself, was a unique person and that the victim had or probably had survivors, and the murderer nevertheless proceeded to commit the crime, the evidence bears on the murderer’s character traits and moral culpability, and is relevant to his character and propensities as well as to the circumstances of the crime. However, introduction of detailed descriptions of the good qualities of the victim or particularized narrations of the emotional, psychological and economic sufferings of the victim’s survivors, which go beyond the purpose of showing the victim’s individual identity *1106 and verifying the existence of survivors reasonably expected to grieve and suffer because of the murder, treads dangerously on the possibility of reversal because of the influence of arbitrary factors on the jury’s sentencing decision. Whether or not particular evidence renders a hearing so fundamentally unfair as to amount to a due process violation must be determined on a case-by-case basis.
Finally, we reiterate that the use of victim impact evidence requires pretrial notice to the defense. This type of evidence does not go to proof of an essential element of the crime, and the defense, unless notified of the prospective use of such evidence, has no way of knowing that preparation will be necessary to meet this evidence. As in the use of other crimes evidence, the defense, upon request, is entitled to notice of the particular victim impact evidence sought to be introduced by the prosecutor and to a pretrial determination of the admissibility of the particular evidence.
Id. at 972-73 (footnote omitted).
| ^Defendant also cites State v. Higgins, 01-117 (La.App. 5 Cir. 3/28/01), 802 So.2d 685. The Higgins court stated:
Defendani/Relator seeks review of the trial judge’s denial of his request for a pretrial hearing to determine the admissibility of victim impact evidence in a death penalty case for which defendant is charged with first degree murder. Defendant also sought to limit the number of victim impact witnesses. The trial judge denied the requests and reserved defendant’s objections for the penalty phase, at which time a ruling could be made.
To show its compliance with the requirements of Bernard, the state listed ten relatives of the victim, and presented general, conclusory statements regarding their testimony. We conclude the absence of particular statements prevents the trial judge from making the pretrial determination of admissibility as contemplated by Bernard. We are mindful, however, of the Louisiana Supreme Court’s disapproval of an eviden-tiary hearing at which victim impact witnesses are called to testify. State v. Miller, 99-0192 (La.9/6/00), 776 So.2d 396, cert. denied, 531 U.S. 1194, 121 S.Ct. 1196, 149 L.Ed.2d 111 (2001). Thus, the trial judge correctly refused to conduct such an evidentiary hearing and the writ application is denied insofar as the trial court’s ruling in that regard. However, the writ application is granted insofar as the trial judge denied any pretrial determination of the admissibility of victim impact evidence.
IT IS ORDERED that the trial judge’s ruling denying defendant’s request for a pretrial determination of the admissibility of victim impact evidence be and is hereby vacated and set aside.
IT IS FURTHER ORDERED that the case be remanded with instructions to the trial judge, to order, pretrial, the state to submit to defendant written, signed statements by the witnesses as to the testimony to be offered, and to allow defendant a reasonable period of time, pretrial, to make objections, if deemed necessary, to the statements, including any objection to the number of witnesses.
Higgins 802 So.2d at 685-86 (footnote omitted).
Although a number of cases cite Bernard, there are few on point with the present case. Defendant’s references to Bernard and Higgins appear to state the existing law regarding notice of victim-impact evidence. Pursuant to these cases, the court finds that the State’s Bernard *1107 notice to Defendant was not adequate, as notice of particular victim-impact evidence was not provided.
|iaThus, the court finds this assignment has merit. Pursuant to Higgins, the court finds that the case is remanded with instructions to the trial court to order the State to provide Defendant with “written, signed statements by the witnesses as to the testimony to be offered, and to allow defendant a reasonable period of time, pretrial, to make objections.” Id.
CONCLUSION
The trial court’s ruling that the State provided adequate particulars is affirmed. The trial court’s ruling that the State’s Bernard notice to Defendant was adequate is reversed, and the case is remanded for further proceedings in accordance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.