PER CURIAM.
 
 *
 

 |,In this pending prosecution for first degree murder in violation of La.R.S. 14:30, the state has filed notice, pursuant to
 
 State v. Bernard,
 
 608 So.2d 966 (La.1992) and La.C.Cr.P. art. 905.2, of its intent to introduce victim impact evidence during the trial’s penalty phase, if any. The state’s notice identifies the prospective witnesses by name and provides their
 
 *849
 
 familial relationships to the victim. The notice further details that the state will present evidence at the penalty phase “demonstrating the unique human nature of and the personal characteristics and/or traits of the victim(s), including ... family history and background, school and educational achievements, career and professional accomplishments and goals, individual relationships with family, friends and associates,” and “evidence regarding the emotional, physical and/or economic impact and/or trauma of this crime on the surviving family members.”
 

 As detailed in a Per Curiam issued in response to a request by this Court, the trial judge has found the state’s notice inadequate and ordered the prosecution to 12disclose to the defense written statements detailing the content of the victim impact testimony. The court has clarified that the statements need not be handwritten by the witnesses but must recite “precisely what the witnesses are going to say.” The court of appeal found no abuse of discretion by the trial court.
 
 State v. Traczyk,
 
 11-1352 (La.App. 4th Cir.9/30/11).
 

 The courts below erred. In
 
 Bernard,
 
 this Court acknowledged that “some evidence of the murder victim’s character and of the impact of the murder on the victim’s survivors is admissible as relevant to the circumstances of the offense or to the character and propensities of the offender.”
 
 Bernard,
 
 608 So.2d at 972. However, we also cautioned that “introduction of detailed descriptions of the good qualities of the victim or particularized narrations of the emotional, psychological and economic sufferings of the victim’s survivors, which go beyond the purpose of showing the victim’s individual identity and verifying the existence of survivors reasonably expected to grieve and suffer because of the murder, treads dangerously on the possibility of reversal because of the influence of arbitrary factors on the jury’s sentencing decision.”
 
 Id.
 
 Given these competing concerns, this Court held in
 
 Bernard
 
 that, “[a]s in the use of other crimes evidence, the defense, upon request, is entitled to notice of the particular victim impact evidence sought to be introduced by the prosecutor and to a pretrial determination of the admissibility of the particular evidence.”
 
 Bernard,
 
 608 So.2d at 972-73.
 

 However, this Court subsequently held that
 
 Bernard’s
 
 requirement of notice and a pretrial determination of admissibility “does not encompass an evidentiary hearing at which victim impact witnesses are called to testify.”
 
 State v. Miller,
 
 99-0192, p. 27 (La.9/6/00), 776 So.2d 396, 412. We relied in part on the Court’s prior writ grant in
 
 State v. Bannister,
 
 96-0188 (La.3/29/96), 670 So.2d 1223, 1224, which set aside a court of appeal order directing the trial court to conduct a hearing |sat which the state would particularize its victim impact evidence because we found that the requirements of
 
 Bernard
 
 had been met by the state’s notice.
 
 [1]
 

 Miller,
 
 99-0192, p. 26, n. 19, 776 So.2d at 411.
 
 Miller
 
 thereby clarified that
 
 Bernard’s
 
 requirement of notice with respect to the “particular evidence” the state intends to introduce refers to the “[t]wo broad categories of victim evidence that may be admitted: information revealing the individuality of the victim and information revealing the impact of the crime on the victim’s survivors.”
 
 Miller,
 
 99-0192 at 27, n. 20, 776 So.2d at 412 (citing
 
 Payne v. Tennessee,
 
 
 *850
 
 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991)).
 

 In the present case, the state’s
 
 Bernard,
 
 notice clearly informs the defense that it must prepare to meet this kind of evidence if trial reaches the penalty phase. The notice also affords the trial court an adequate basis for determining in advance of trial whether the evidence falls into the two broad categories of permissible victim impact testimony and whether some or all of the evidence may nevertheless present an undue and impermissible risk of “descend[ing] into detailed descriptions of the good qualities of the victim, particularized narratives of the sufferings of the survivors, or the opinions held by the survivors with respect to the crime of the murderer.”
 
 Miller,
 
 99-0192 at 27, n. 20, 776 So.2d at 412. The state’s notice thereby fully complies with the requirements of
 
 Bernard
 
 even broadly read. To the extent that the decisions in
 
 State v. Gardner,
 
 02-1506 (La.App. 3rd Cir.4/30/03), 844 So.2d 1097, and
 
 State v. Higgins,
 
 01-0117 (La.App. 5th Cir.3/28/01), 802 So.2d 685, are inconsistent with the views expressed herein, they are expressly disapproved.
 

 Accordingly, the ruling of the trial court on the state’s notice filed pursuant to
 
 Bernard
 
 and La.C.Cr.P. art. 905.2 is hereby reversed.
 

 *
 

 Kimball, C.J., not participating.
 

 [1]
 

 . The state's notice in
 
 Bannister
 
 named the witnesses, provided their familial relationships to the victim, and indicated that the testimony would address: "Identity of the victim and general evidence demonstrating harm to victim's survivors ... and personal characteristics of the victim.”