89 So.2d 39

**STATE of Louisiana.**

v.

**Arthur FRANKS.**

No. 42921.

June 11, 1956.

George W. Reese, Jr., New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., Michael E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Adrian G. Duplantier, First Asst. Dist. Atty., Philip Trice, Asst. Dist. Atty., New Orleans, for appellee.

HAWTHORNE, Justice.

Defendant was charged in a bill of information with the crime of aggravated burglary denounced by R.S. 14:60, tried, found guilty, and sentenced to serve five years at hard labor in the state penitentiary. From this conviction and sentence he has appealed.

The only bill of exception before us is that taken to the overruling by the trial judge of defendant's motion in arrest of judgment.

Article 60 of the Louisiana Criminal Code, R.S. 14:60, which defines the crime of aggravated burglary, reads as follows:

"Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, *with the intent to commit a felony* or any theft therein, if the offender,

"(1) Is armed with a dangerous weapon; or

"(2) After entering arms himself with a dangerous weapon; or

"(3) Commits a battery upon any person while in such place, or in entering or leaving such place. * * *" (Italics ours.)

The bill of information under which defendant was tried and convicted reads insofar as pertinent:

"* * * Arthur Franks * * * committed aggravated burglary, in that he did, without authorization, enter an inhabited dwelling and structure, to-wit: 716 Dauphine Street, Apt. 2B, where a person was present, *with the intent to commit a felony therein* and did commit a battery upon one Jacqueline Ridlon, while in said dwelling and structure * * *." (Italics ours.)

It will be observed that this bill of information does not track the exact lan-

guage of Article 235 of the Code of Criminal Procedure, R.S. 15:235, for short form indictments for this crime, in that it omits the name of the person whose dwelling was burglarized. This omission, however, does not cause the information to be faulty or fatally defective if some other form authorized by law is used which meets all the tests for a valid information or indictment.

Under the provisions of Article 227 of the Code of Criminal Procedure, R.S. 15:-227, the indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used. It is essential, however, that the indictment or information inform the accused of the nature and cause of the accusation against him as provided by Article 1, § 10, of the Louisiana Constitution.

Although the bill of information in the instant case tracks the language of the statute defining the offense, it does not inform the accused of the felony which he intended to commit, but simply avers that he entered the inhabited dwelling "with the intent to commit a felony".

A similar situation was presented in State v. Celestin, 138 La. 407, 70 So. 342. There the defendant was charged in a bill

of indictment with the crime of burglary, denounced at that time by Section 851 of the Revised Statutes of 1870, in that he " ' * * * did * * * break and enter, in the nighttime, the dwelling house of one Pierre Thibodeaux, with the intent in so doing, *then and there, to commit a felony.*' " (Italics ours.) This court reversed the conviction, stating that the indictment in charging that defendant intended to commit a felony simply charged a conclusion of law. In the course of that opinion we said:

"In the indictment under consideration no particular felony, which defendant is supposed to have intended to commit, is described, or even referred to. The charge is that he entered a dwelling house 'with the intent in so doing, then and there, to commit a felony.'

"The rule is well established that although in burglary and statutory housebreaking the intent, as defined by the law, is simply to commit a felony, it is not sufficient in the indictment to follow these general words, but *the particular felony intended must be specified*. The felony intended need not be set out as fully and specifically as would be required in an indictment for the actual commission of the felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape, or arson.

"The word 'felony' is a generic term going to distinguish certain crimes, as murder, robbery, and larceny, from other minor offenses known as misdemeanors. *The averment that the accused had broken and entered a dwelling house for the purpose of committing a felony failed wholly to apprise him of the specific offense which is claimed he intended to commit.* * * *

"Burglary being a breaking, etc., 'with intent to kill, rob, commit a rape, or any other crime,' in the place, an indictment is inadequate if it lays the intent only in the general words, 'with intent to commit a crime, or felony;' *it must specify the felony or crime intended.*" (Italics ours.)

The Celestin case, supra, was followed in State v. Holmes, 223 La. 397, 65 So.2d 890, 891. In the Holmes case, the defendant was charged with simple burglary defined by R.S. 14:62 as the unauthorized entering of any dwelling, etc., with the intent to commit any forcible felony or any theft therein; but what was said in the Holmes case is applicable here. We stated:

"If the charge against this accused were laid in the regular or long form, without containing averments describing with certainty the particular crime he intended to commit when entering the structure, the bill of information, unquestionably, would

be fatally defective for the reason that as a general rule an 'indictment must state every fact and circumstance necessary to constitute the offense,' LSA–R.S. 15:227, and that 'the accused shall be informed of the nature and cause of the accusation against him,' Article 1, Section 10, Louisiana Constitution of 1921. In Wharton's Criminal Law, 12th Edition, Volume 2, Section 1032, the following is stated: 'An indictment charging the statutory crime of burglary must aver every circumstance necessary to an exact description of the offense as defined by the statute creating it; and in the absence of such an allegation the indictment or information will be fatally defective, and will not support a conviction and sentence of imprisonment. Thus, an allegation charging an unlawful entry into a building with the intent to commit one of the crimes enumerated in the statute defining and punishing burglary, without designating which one of the offenses denounced in the statute, is not sufficient to charge a crime under such statute; * * *.' "

Since the information in the instant case fails to apprise the accused of the felony which he intended to commit, the information is fatally defective and not sufficient to charge a crime under R.S. 14:60.

The conviction and sentence are reversed and set aside, and the defendant is ordered discharged.

FOURNET, C. J., absent.