734 So.2d 21 (1999)
STATE of Louisiana
v.
Alex HENNIS.
No. 98 KA 0665.
Court of Appeal of Louisiana, First Circuit.
February 19, 1999.
Writ Denied July 2, 1999.
*22 Doug Moreau, District Attorney by John A. Cannon, Assistant District Attorney, Baton Rouge, Louisiana, for Appellee State of Louisiana.
Robert J. Hildum, Baton Rouge, Louisiana, for Defendant/Appellant Alex Hennis.
BEFORE: FOIL, KUHN, and WEIMER, JJ.
KUHN, Judge.
After being charged with aggravated burglary, defendant, Alex Hennis, was found by a jury to be guilty as charged. Thereafter, the state filed a multiple offender bill of information alleging defendant to be a second felony habitual offender. Defendant denied the allegation. After a habitual offender adjudication was held, defendant was adjudged a second felony offender as charged and sentenced to imprisonment at hard labor for a term of forty years, running concurrently with his sentence for his prior felony conviction for aggravated assault in Mississippi.[1] Defendant now appeals his second felony habitual offender adjudication and sentence, urging two assignments of error.[2]

*23 ASSIGNMENTS OF ERROR NOS. 1 & 3
In assignment number 1, defendant contends the state failed to prove the December 9, 1991, Mississippi predicate conviction for aggravated assault would be a felony if committed in Louisiana. In assignment number 3, he contends the state failed to prove: (1) his identity as the person who previously pled guilty to the predicate offense and (2) that the predicate guilty plea was entered voluntarily and with a knowing waiver of his constitutional rights in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

KNOWING WAIVER OF BOYKIN RIGHTS
In State v. Shelton, 621 So.2d 769, 779-80 (La.1993), the Louisiana Supreme Court stated the following:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (Footnotes omitted.)
At the habitual offender hearing, the state introduced State Exhibit S-1 consisting of certified copies of the Mississippi grand jury indictment charging Alex Hennis with the predicate offense, the order of conviction dated December 13, 1991, and an amendment to the order of conviction dated May 26, 1992.[3] The order of conviction specifically reflects that defendant was represented by attorney Thomas Schwartz and that defendant was advised of the consequences of the December 9, 1991 predicate guilty plea and voluntarily entered the plea.
The state also presented the testimony of Billy R. Wallace, a presentence investigator and probation and parole officer with the Fifteenth Judicial District in Mississippi, the judicial district which includes the circuit court that accepted the predicate plea. Wallace testified he was present when Alex Hennis entered the predicate plea and that defendant is that individual.
The above documentary and testimonial evidence presented by the state more than adequately satisfied the state's initial burden of proving the existence of the predicate guilty plea and that defendant was represented by counsel. It was defendant's burden at that point to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. The defendant made no attempt to do. Thus, the burden of proving the constitutionality of the plea never shifted to the state. See State v. Shelton, 621 So.2d at 779. Furthermore, the record does not contain any written response to the habitual offender *24 bill of information filed by defendant setting forth any objection to the information, or any claim that the predicate upon which the state relied was obtained in violation of the Constitutions of Louisiana or of the United States and the factual basis for the claim, as required by La.R.S. 15:529.1(D)(1)(a) and (D)(1)(b). Consequently, defendant is precluded from urging his claim that the predicate plea was entered without a knowing waiver of Boykin rights.

IDENTITY
As noted above, the testimony of Billy R. Wallace established that he was present when Alex Hennis, whom he identified as defendant, entered the predicate plea. This testimony met the state's burden of proving defendant's identity as the individual who was convicted of the predicate offense.

FELONY PREDICATE REQUIREMENT
For a conviction from another state to serve as a predicate felony for purposes of the Louisiana Habitual Offender Law, the conviction must be of "a crime which, if committed in this state would be a felony." See La.R.S. 15:529.1(A)(1). If the offense from the other state for which the defendant was convicted does not necessarily include conduct considered to be a felony under Louisiana law, that conviction cannot be used to enhance a subsequent felony under the habitual offender statute. The habitual offender statute requires Louisiana courts to determine the analogous Louisiana crime according to the nature of the act involved in the crime of the other state or jurisdiction, not the penalty provided for the offense in the other state or jurisdiction. See State v. Smith, 95-1827, p.p. 2-3 (La.App. 1st Cir.9/27/96); 681 So.2d 978, 979.
In addition to State Exhibit S-1 and the testimony of Billy R. Wallace, the state also introduced State Exhibit S-2 at the habitual offender hearing. Wallace identified S-2 as a fax copy of the Mississippi statute containing the provisions under which defendant pled guilty to aggravated assault.
The indictment and order of conviction pertaining to the predicate plea and Wallace's testimony reflect that the guilty plea was to a violation of Mississippi Code Section 97-3-7(2)(a) and (b). S-2 reveals that Section 97-3-7(2)(a) and (b) provide in pertinent part as follows:
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....
We have no difficulty concluding that the conduct constituting aggravated battery and attempted aggravated battery, violations of La.R.S. 14:34 and 27(A), respectively, is necessarily included in the crime of aggravated assault as defined in Section 97-3-7(2)(b). The Louisiana offenses of aggravated battery and attempted aggravated battery are each felonies, see La.R.S. 14:34 and 27(D)(3), and either offense qualifies the Mississippi conviction for use as a predicate for enhancement of the instant offense. Accordingly, the trial court did not err in concluding that the predicate crime, if committed in Louisiana, would be a felony in Louisiana.
These assignments lack merit.

ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant contends that his sentence is unconstitutionally excessive.
Louisiana Code of Criminal Procedure article 881.1 states, in pertinent part:

*25 A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * *
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Our review of the record reveals it does not contain a motion to reconsider the sentence or reflect that defendant orally moved for reconsideration of sentence. The failure to file or make a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See La.C.Cr.P. art. 881.1(D) Thus, defendant is barred procedurally from having this assignment of error reviewed. See State v. Duncan, 94-1563 p. 2 (La.App. 1st Cir.12/15/95) (en banc per curiam); 667 So.2d 1141, 1142. See also State v. LeBouef, 97-0902, p. 3 (La.App. 1st Cir.2/20/98); 708 So.2d 808, 809 writ denied, 98-0767 (La.7/2/98), 724 So.2d 206.

CONCLUSION
For the reasons set forth herein, defendant's second felony habitual offender adjudication is affirmed.
SECOND FELONY HABITUAL OFFENDER ADJUDICATION AND SENTENCE AFFIRMED.
NOTES
[1] In a separate appeal, defendant appealed his conviction for aggravated burglary. See State v. Hennis, 98,0664, 727 So.2d 939, also decided this date.
[2] A fourth assignment of error urged by defendant in his appeal of his aggravated burglary conviction, which actually pertains to his second felony habitual offender adjudication, will be addressed herein as assignment of error number 3.
[3] Each of the documents bears case number 6925-1 and originates in the "Circuit Court of the Fifteenth Judicial District of Mississippi, including Lamar County."