STATE OF LOUISIANA

VERSUS

ISAIAH BERNARD

NO. 25-K-461

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 23-4402, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

October 15, 2025

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Timothy S. Marcel

**WRIT DENIED**
   **JGG**
   **MEJ**
   **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Darren A. Allemand

COUNSEL FOR DEFENDANT/RESPONDENT,
ISAIAH BERNARD
     R. Christian Bonin
     Thomas P. Sanderson

**GRAVOIS, J.**

Relator, the State of Louisiana, seeks this Court's supervisory review of the trial court's ruling which granted an application for a bill of particulars filed by defendant, Isaiah Bernard a/k/a Isaiah Mayes. For the following reasons, we deny the writ application.

**FACTS AND PROCEDURAL BACKGROUND**

On January 30, 2024, the Jefferson Parish District Attorney filed a bill of information charging defendant with the vehicular homicide of David Smith while engaged in the operation of a motor vehicle and under the influence of alcohol in violation of La. R.S. 14:32.1. On September 12, 2025, defendant filed an application for a bill of particulars, arguing that the State failed to identify in the bill a causal relationship between the death of Mr. Smith and defendant allegedly being under the influence of alcohol while engaged in the operation of a motor vehicle. The State filed a response, asserting that it tendered open file discovery relieving it of the need to answer a bill of particulars. The State acknowledged that it will have to prove causation at trial beyond a reasonable doubt, but argued it did not need to provide a roadmap of how it intends to prove its case.

Following a hearing, on September 25, 2025, the trial court granted the application for a bill of particulars and ordered the State to provide and identify the causal relationship between the death and defendant allegedly being under the influence of alcohol. In written reasons, the trial court stated that causation must be proven at trial and is therefore an element of the offense that defendant should be adequately apprised of prior to trial.

**ANALYSIS**

Article I, § 13 of the Louisiana Constitution requires that an indictment inform a defendant of the nature and cause of the accusation against him. *State v. Fuxan*, 24-302 (La. App. 5 Cir. 5/14/25), 415 So.3d 387, 410. La. C.Cr.P. art. 464

provides that the indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. The State may provide that information in the indictment alone or in its responses to a defense request for a bill of particulars. *State v. DeJesus*, 94-0261 (La. 9/16/94), 642 So.2d 854, 855.

The time for testing the sufficiency of an indictment or a bill of information is before trial by way of a motion to quash or an application for a bill of particulars. *State v. Robinson*, 22-310 (La. App. 5 Cir. 4/12/23), 361 So.3d 1107, 1118. La. C.Cr.P. art. 484 provides in part that a motion for a bill of particulars may be filed of right in accordance with Article 521. The court, on its own motion or on motion of the defendant, may require the district attorney to furnish a bill of particulars setting forth more specifically the nature and cause of the charge against the defendant. La. C.Cr.P. art. 484. The purpose of the bill of particulars is to inform the accused more fully of the nature and scope of the charge against him so that he will be able to defend himself properly and to avoid any possibility of ever being charged again with the same criminal conduct. *State v. Robinson*, 20-1389 (La. 3/9/21), 312 So.3d 255, 256. The defendant is entitled to know what the State intends to prove; but the bill of particulars cannot be employed in a fishing expedition for a recital of the details of the State's evidence, nor used as a device to harass the State by demands for nonessential details. La. C.Cr.P. art. 484, official revision comment (a).

Generally, open file discovery relieves the State of the necessity of answering a motion for a bill of particulars. However, open file discovery cannot be used as a substitute for a bill of particulars for purposes of La. C.Cr.P. art. 485. *Louisiana v. T.E.*, No. 23-K-596, 2024 WL 110242 (La. App. 5 Cir. Jan. 20, 2024), *writ denied*, 24-159 (La. 6/19/24), 386 So.3d 673.

The matter of furnishing a bill of particulars rests largely in the discretion of the trial judge, and his discretion will not be disturbed unless there is error in the

ruling complained of to the detriment or disadvantage of the accused. *State v. Gravois*, 17-341 (La. App. 5 Cir. 12/13/17), 234 So.3d 1151, 1174, *writs denied*, 18-100 (La. 3/23/18), 239 So.3d 292, and 18-80 (La. 3/23/18), 239 So.3d 298.

In *State v. Miller*, 319 So.2d 339 (La. 1975), the Louisiana Supreme Court set forth some factors to be considered in determining whether a defendant was given all of the information to which he is constitutionally entitled:

> The state is required, upon defendant's motion, to provide a criminal defendant with enough information so that he can identify the criminal transaction. There is no exact formula which can be applied to every charge to determine in a particular case whether a defendant has all of the information to which he is constitutionally entitled. In general, however, the extent to which the bill should be granted turns on the complexity of the case. If the crime is a single event, such as a murder, the scope of the bill will be less extensive than it will be if the crime involved is a series of occurrences, such as tax fraud or bootlegging. When a crime charged may be committed in a number of different ways, this Court has always recognized the accentuated need for the state to furnish particulars.

*Id*. at 342-43 (internal citations omitted). The Supreme Court also acknowledged that in providing information in response to a bill of particulars, the State may be forced to release facts which reveal what its evidence will prove at trial. The court said it has never held that the State is free from answering a bill of particulars because doing so would reveal particular facts which it intends to establish through evidence. *Id*. at 343.

In the present case, defendant was charged with vehicular homicide. At the time of the offense, La. R.S. 14:32.1[1] provided, in pertinent part:

> A. Vehicular homicide is the killing of a human being caused proximately or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle, … whether or not the offender had the intent to cause death or great bodily harm, whenever any of the following conditions exist and such condition was a contributing factor to the killing:

---

[1] La. R.S. 14:32.1 was amended, effective August 1, 2024.

(1) The operator is under the influence of alcoholic beverages as determined by chemical tests administered under the provisions of R.S. 32:662.

(2) The operator's blood alcohol concentration is 0.08 percent or more by weight based upon grams of alcohol per one hundred cubic centimeters of blood.

(3) The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964.

(4) The operator is under the influence of alcoholic beverages.

(5) (a) The operator is under the influence of a combination of alcohol and one or more drugs which are not controlled dangerous substances and which are legally obtainable with or without a prescription.

(b) It shall be an affirmative defense to any charge under this Paragraph pursuant to this Section that the label on the container of the prescription drug or the manufacturer's package of the drug does not contain a warning against combining the medication with alcohol.

(6) The operator is under the influence of one or more drugs which are not controlled dangerous substances and which are legally obtainable with or without a prescription and the influence is caused by the operator knowingly consuming quantities of the drug or drugs which substantially exceed the dosage prescribed by the physician or the dosage recommended by the manufacturer of the drug.

(7) The operator's blood has any detectable amount of any controlled dangerous substance listed in Schedule I, II, III, or IV as set forth in R.S. 40:964, or a metabolite of such controlled dangerous substance, that has not been medically ordered or prescribed for the individual.

The plain text of the statute requires the State to prove four things: 1) the killing of a human being; 2) caused proximately or caused directly by an offender engaged in the operation of, or in actual physical control of, any motor vehicle; 3) a prohibited degree of intoxication; and 4) a link between the intoxication and the killing. The link between the intoxication and the killing does not have to be a "proximate cause," but simply a "contributing factor." *See State v. Leger*, 17-2084 (La. 6/26/19), 284 So.3d 609, 615-16. A "contributing cause" is a factor that—

though not the primary cause—plays a part in producing a result. A "factor" is an agent or cause that contributes to a particular result. *Id*. at 616.

In the present case, the bill of information alleges that defendant "violated La. R.S. 14:32.1 in that he did kill one David Smith, while engaged in the operation of a motor vehicle and under the influence of alcohol." As established and agreed upon by all parties, at trial, the State will have to prove the information defendant now seeks—the causal relationship between the victim's death and defendant allegedly being under the influence of alcohol.[2] Upon review, we conclude that the bill of information does not provide this essential fact and the scant information provided in the bill of information hinders defendant's ability to properly defend himself. Additionally, we conclude that the State cannot refuse to furnish a bill of particulars here just because it may reveal particular facts that it intends to establish through evidence. *See Miller*, 319 So.2d at 343. Accordingly, we conclude that the trial court did not abuse its broad discretion in granting defendant's application for a bill of particulars.

## DECREE

This writ application is denied.

## WRIT DENIED

---

[2] There are several ways that intoxication can cause a death in a vehicular homicide case. *See e.g.*, *State v. Clement*, 23-1356 (La. App. 1 Cir. 12/10/24), 404 So.3d 739, 749, *writ denied*, 25-39 (La. 4/1/25), 404 So.3d 655 ("Based on the numerous substances impacting the defendant's state of mind and physical functioning, the jury could have rationally concluded the defendant's intoxication impaired his judgment and caused him to excessively speed on a dark, dangerous highway, contributing to the victims' immediate deaths on impact."); *State v. Bazar*, 55,143 (La. App. 2 Cir. 6/28/23), 367 So.3d 940, 947 (The defendant, who had been drinking, was speeding and swerved his truck into oncoming traffic colliding head-on with another vehicle without braking, resulting in the victim's death.); *State v. Melancon*, No. 2021 KA 1489, 2022 WL 4286614 (La. App. 1 Cir. Sep. 16, 2022), *writ denied*, 22-1544 (La. 1/25/23), 354 So.3d 9 (The defendant's intoxication impaired his ability to see the approaching motorcycle and caused him to improvidently pull out in front of it, resulting in the victim's death.); *State v. Magrini*, 19-951 (La. App. 4 Cir. 5/27/20), 301 So.3d 525, 539 (The defendant's impairment dulled his thought processes, his reflexes, and motor functioning, and affected his decision-making to a degree sufficient to be a contributing factor of the victim's death.); *State v. Vidrine*, 19-906 (La. App. 4 Cir. 4/15/20), 298 So.3d 781, 799, *writ denied*, 20-579 (La. 1/12/21), 308 So.3d 293 (The defendant, in his impaired condition, failed to notice traffic lights and sped through a red light.).

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 15, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 25-K-461

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
DARREN A. ALLEMAND (RELATOR)      THOMAS J. BUTLER (RELATOR)      R. CHRISTIAN BONIN (RESPONDENT)

**MAILED**
THOMAS P. SANDERSON (RESPONDENT)
ATTORNEY AT LAW
4224 CANAL STREET
NEW ORLEANS, LA 70119

HONORABLE PAUL D. CONNICK, JR.
(RELATOR)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053